

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OMAR CORREA-HUERTA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-895-A |
| | § | (NO. 4:12-CR-229-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for decision the motion of Omar Correa-Huerta ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, or alternatively for relief under 28 U.S.C. § 2241. After having considered such motion and pertinent parts of the record in Case No. 4:12-CR-229-A, styled "United States of America v. Omar Correa-Huerta," the court has concluded that such motion should be dismissed.

I.

Background

Information contained in the record of Case No. 4:12-CR-299-A discloses the following background that is potentially pertinent to the grounds of movant's motion:

On November 14, 2012, movant was named in a one count indictment charging him with illegal reentry after deportation,

in violation of 8 U.S.C. § 1326(a) and (b)(1)/(2). CR Doc. 1.[1] Movant pleaded guilty without benefit of a plea agreement. CR Doc. 17; 28. The plea colloquy establishes that movant's plea was knowing and voluntary and that movant was fully competent and capable of entering into an informed plea. The plea did not result from force, threats or promises. Movant's advisory guideline range was 57 to 71 months, and the court sentenced him to a term of 71 months' imprisonment. CR Doc. 23; 29. Movant appealed and his sentence was affirmed. United States v. Correa-Huerta, 555 F. App'x 376 (5th Cir. 2014). On June 9, 2014, the United States Supreme Court denied movant's petition for certiorari. Correa-Huerta v. United States, 134 S. Ct. 2743 (2014).

In August 2015, movant filed a motion to vacate, set aside, or correct sentence that was assigned Civil Action No. 4:15-CV-583-A. By memorandum opinion and order and final judgment signed September 25, 2015, the court denied the relief sought, which was based on alleged ineffective assistance of counsel and not on actual innocence.

---

[1] The "CR Doc." reference is to the docket in the underlying criminal proceeding, No. 4:12-CR-229-A..

2

II.

Ground of the Motion

As best the court can tell, movant appears to urge that he is entitled to pursue a successive motion to vacate, set aside, or correct sentence, or that he is entitled to relief under 28 U.S.C. § 2241, because the Ninth Circuit struck down a part of the Immigration and Nationality Act as unconstitutionally vague. Movant cites to a Ninth Circuit opinion he says relies heavily on Johnson v. United States, 135 S. Ct. 2551 (2015). Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015). He fails to explain, however, how the case he cites has any bearing on his case. Dimaya was a petition for review of a Board of Immigration Appeals' determination that certain convictions for first-degree residential burglary were categorically crimes of violence rendering the defendant removable. Here, as stated, movant was convicted of illegal reentry after deportation.

III.

Analysis

A. Legal Standard for Successive Motion Under 28 U.S.C. § 2255

A second or successive motion under § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h). Movant does not allege that he has sought or obtained the required relief. And, although

3

a prisoner may use § 2241 as a vehicle for attacking a conviction if it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention, 28 U.S.C. § 2255(e), movant cannot satisfy the prerequisites. The savings clause of § 2255 "applies to a claim: (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Here, movant relies not on a Supreme Court decision, but on a Ninth Circuit opinion, and one that does not in any event have any bearing on his conviction. Even if the case addressed movant's offense of conviction and had been determined by the Supreme Court, the court questions whether it would be retroactively applicable. See In re Williams, No. 15-30731, 2015 WL 7074261 (5th Cir. Nov. 12, 2015).

IV.

Order

Consistent with the foregoing,

The court ORDERS that movant's motion under 28 U.S.C. § 2255, or alternatively under 28 U.S.C. § 2241, be, and is hereby, dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED November 24, 2015.

JOHN McBRYDE
United States District Judge